Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that although the appellees might have maintained an action at law for the recovery of the slaves in the proceedings mentioned, upon the death of Fleming B. Cross, yet, as some of the slaves had been disposed of by the said Fleming B. Cross in his lifetime, it was competent for the appellees to proceed in chancery against the representative of the said Fleming B. Cross and the purchaser, in order to avoid multiplicity of suits; and that the appellees, having all the parties before the Court, might elect to proceed for the recovery of the slaves specifically, or for the value thereof, from the representative of said Fleming B. Cross. For these reasons, and because the bill also seeks for a discovery in relation to one of the slaves who had been sold to some person unknown, the objection to the jurisdiction of a Court of Chancery was properly overruled.
*264 The Court is further of opinion, that as hy the bill, the appellant Nancy B. was sued as executrix or administratrix of her deceased husband, although the said Nancy B., in her answer, styles herself curatrix, yet, as she does not shew under what section of the law she was appointed as such curatrix, and as it does appear by her answer and the proceedings in the cause that she has proceeded to collect and dispose of the assets and pay the debts of the said Fleming B. Cross deceased, and in all respects to have dealt with the assets as administratrix or curatrix, appointed under the 42d section of act, 1 Rev. Code, p. 386, or as executrix de son tort, it was proper, under the pleadings and proofs in the cause, to decree against her in favour of creditors or distributees for the value of the assets in her hands,-.and the objection, for the first time raised in the appellate Court, to a decree against her as curatrix, comes too late.
The Court is further of opinion, that the question whether the representative of said Fleming B. Cross deceased, should be charged with the value of the slaves sold by him as of the date of the sale, or the time of his death, does not arise in this case. The only evidence as to this subject, is the evidence of the price for which the slaves were sold. In the absence of all other proof of value at any other time, the commissioner was bound to adopt the price which the slaves sold for, as the sum with which the estate was to be charged.
The Court is further of opinion, that as the administration account was not closed so as to authorize final distribution of the estate, the settlement of the administration account was only important in respect to the controversy concerning the slaves to which the appellees were entitled on the death of said Fleming B. Cross, the prices of those sold by him and the hires since his death, to enable the Court to see that there were assets in the hands of the representative of said Fleming B. Cross deceased, sufficient to pay the prices of the slaves *265 sold by him in his lifetime. For as the slaves remaining unsold were surrendered during the progress of the suit, and the female appellant was personally liable for the hires received or chargeable from the time of the death of said Fleming B. Cross up to the period of the surrender of the slaves, the assets of said Fleming B. Cross deceased, in the hands of his representative, could be made liable for the prices of the slaves sold by him in his lifetime, and for nothing more. The fact that assets sufficient to satisfy the decree, so far as it was a decree against the female appellant as representative of the said Fleming B. Cross deceased, were in her hands unadministered, did satisfactorily appear hy the special statement D, exhibiting an account of the general administration of the estate of the deceased. And this Court, whilst approving the principles upon which, by said special statement D, the representative of said Fleming B. Cross deceased, was charged with the value of the perishable property, the hires of the slaves, and interest on estimated hires, does not construe the interlocutory decree affirming said special statement D, as precluding the representative of said estate from shewing other and additional credits during the period covered by such special statement D, when the general administration account comes to be settled; because it was unnecessary to enable the Court to act advisedly on that branch of the case then under consideration, that the general administration account should have been finally closed beforehand. This Court approves and affirms so much of said interlocutory decree as sanctions the charge in the said special statement D, for interest on estimated hires ; because the principle decided in Baird v. Bland, 5 Munf. 402, and the cases which have followed it, does not apply to the settlement of an account by a mere fiduciary or trustee, of his transactions with his cestui que trust, where the fiduciary or trustee is charged with the duty of hiring out the slaves for the benefit of his *266 cestui que trust, and neglects to render an account of the hires, if actually received, or to charge himself with the hires, if they might have been received, or where he fails to hire out the slaves and uses them for his own benefit.
The Court is further of opinion, that there is error apparent on the face of the account E, of the hires of the negroes which came to said Fleming B. Cross by bequest from his father John Cross deceased, in charging the female appellant with interest on the estimated hires of the slaves Major and Dilsee; it appearing that the said appellant set up no claim to said slaves against the appellees entitled to them in remainder, nor did she hold them as trustee; and by her answer, which is responsive to the bill, averred that she had offered to surrender them, and stated her willingness still to surrender them. The Court being of opinion that it would be unjust in such a case, where the party remained in possession of the slaves, because of the failure or refusal of the right owner to take the possession, to make her accountable for interest on estimated hires.
The Court is further of opinion, that said special statement is also erroneous on its face, in charging the female appellant with the estimated hires of Hannah, it appearing that said Hannah was not one of the slaves given or bequeathed by the said John Cross to his son Fleming B., but a slave received by said Fleming B. from Tinsley Davis in exchange for the slave Celia, one of the slaves bequeathed to the said Fleming B. by his father; and it furthermore appearing by the decree, that the estate of the said Fleming B. was made liable for the sum of 70 dollars, the estimated value of Celia, with interest from the time of the death of said Fleming B. Being made responsible for the price of Celia, and interest thereon, it was improper to charge the female appellant in favour of the appellees, suing as remainder-men, with the estimated hires of the slave received in exchange for Celia.
*267 It is therefore adjudged, ordered and decreed, that the said decree, so far as the same conflicts with the principles herein declared, is erroneous, and that the same, to that extent, be reversed and annulled, with costs to appellants ; and that in all other respects, the same be affirmed ; and this cause is remanded for a correction of the errors in the special statement E, according to the principles aforesaid, and that a final decree may be rendered for the proper balance appearing due to the appellees entitled in remainder to said slaves on the death of said Fleming B. Cross, and for further proceedings in relation to so much of the bill as prays for a settlement of the administration account and distribution of the estate, in order to a final decree in regard to that branch of the case.